# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**FILED** NOV 07 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA
V.
SCOTT EDWARD SMELTZER (1)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 3:18-CR-04562-JAH

John Owen Lanahan
Defendant's Attorney

**USM Number** 72374-298

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s)  1 of the Superseding Information

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:2252(a)(2); 18:2253 - Receipt of Images Of Minors Engaged In Sexually Explicit Conduct | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   Remaining counts   are   dismissed on the motion of the United States.

☒ Assessment: $100.00 imposed
–

☒ JVTA Assessment*: $ 5,000 imposed
-

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine     ☒ Forfeiture pursuant to order filed   10/21/2019   , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

October 21, 2019
Date of Imposition of Sentence

*/s/ John A. Houston*
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | SCOTT EDWARD SMELTZER (1) | Judgment - Page **2** of **6** |
|---|---|---|
| CASE NUMBER: | 3:18-CR-04562-JAH | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 70 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant must surrender to the United States Marshal for this district:

    ☒ at    12:30    P.M.    on    10/21/2019

    ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ on or before

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SCOTT EDWARD SMELTZER (1) | Judgment - Page **3** of **6** |
| CASE NUMBER: | 3:18-CR-04562-JAH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
10 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☒ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SCOTT EDWARD SMELTZER (1) | Judgment - Page **4** of **6** |
| CASE NUMBER: | 3:18-CR-04562-JAH | |

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SCOTT EDWARD SMELTZER (1) | Judgment - Page **5** of **6** |
| CASE NUMBER: | 3:18-CR-04562-JAH | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Provide complete disclosure of personal and business financial records to the probation officer as requested until special assessment and any restitution in this case is paid in full.
2. Submit your person, property, house, residence, abode, vehicle, papers, computer, social media accounts, and any other electronic communications or data storage devices or media, and effects to a search by the probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§3563(b)(23); 3583(d)(3). Failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.
3. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.
4. Not use or possess any computer, computer-related devices (pursuant to 18 U.S.C.§ 1030(e)(1)), which can communicate data via modem, dedicated connections or cellular networks, and their peripheral equipment, without prior approval by the court or probation officer, all of which are subject to search and seizure. Approval shall not be withheld when the Defendant consents to and pays the cost of the installation of monitoring software and/or hardware on any computer or computer-related devices owned or controlled by the offender that will enable the probation officer to monitor all computer use and cellular data.
5. Not associate with, or have any contact with, any known sex offenders unless in an approved treatment and/or counseling setting.
6. Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family, without prior approval of the probation officer.
7. Not initiate any contact (personal, electronic or otherwise) or associate with anyone under the age of 18, unless in the presence of a supervising adult who is aware of the conviction, with the exception of the offender's biological children or children of other relatives, unless approved in advance by the probation officer.
8. Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.
9. Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, daycare center, carnival, recreation venue, library and other places primarily frequented by persons under the age of 18, without prior approval of the probation officer.
10. Not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | |
|---|---|
| DEFENDANT: SCOTT EDWARD SMELTZER (1) | Judgment - Page **6** of **6** |
| CASE NUMBER: 3:18-CR-04562-JAH | |

11. Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of a visual reaction time (VRT) assessment, at the direction of the court or probation officer. If deemed necessary by the treatment provider, the offender shall participate and successfully complete an approved state certified sex offender treatment program, including compliance with treatment requirements of the program. The Court authorizes the release of the presentence report, and available psychological evaluations to the treatment provider, as approved by the probation officer. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. Polygraph examinations may be used following completion of the formal treatment program as directed by the probation officer in order to monitor adherence to the goals and objectives of treatment and as a part of the containment model.
12. Defendant is to follow Sex Offender Registration and Notification Act of 2006 (SORNA) regulations

//