UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>SCOTT EDWARD SMELTZER,<br><br>                                    Defendant. | Case No.:  18cr4562-JAH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE (Doc. No. 55)** |

## INTRODUCTION

Pending before the Court is Defendant Scott Edward Smeltzer's ("Defendant") motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. *See* Doc. No. 55. Defendant requests the Court to "grant home confinement under the applicable provisions of the CARES ACT, or grant Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)." *Id.* Having carefully considered the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** Defendant's motion with prejudice.

## BACKGROUND

Defendant was charged by complaint with distribution of images of minors engaged in sexual explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). *See* Doc. No. 1. On June 11, 2019, Defendant pled guilty to a superseding information charging him with receipt of images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §

2252(a)(2). Doc. No. 32. On October 21, 2019, the Court sentenced Defendant to 70 months in custody, followed by 10 years of supervised release. *See* Doc. No. 49.

On May 6, 2020, Defendant, proceeding *pro se*, filed the present 28 U.S.C. § 2255 motion, and seeks home confinement under the CARES ACT, or Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Doc. No. 1. Defendant alleges to have suffered significant weight loss since going into custody in October 2019, and was recently diagnosed and treated for gout. *See* Doc. No. 55 at 15. Additionally, Defendant contends the Bureau of Prisons ("BOP") places the inmate population at health risk by determining early release and home confinement through rigid requirements. *See* Doc. No. 55. The Government opposed Defendant's motion on the grounds that Defendant failed to exhaust administrative remedies and is unable to identify "extraordinary and compelling reasons" to grant relief under 18 U.S.C. § 3582(c)(1)(A). *See* Doc. No. 57.

## LEGAL STANDARD

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Defendant seeks modification of his sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, the provision includes a threshold exhaustion requirement: Defendant cannot seek release from the Court until he first seeks release from the BOP and then after exhausting administrative remedies or the lapse of 30 days. 18 U.S.C. § 3582(c)(1)(A). Thereafter, upon considering the applicable factors set forth in section 3553(a), the court may determine whether "extraordinary and compelling reasons warrant such a reduction" and that such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*; U.S.S.G. § 1B1.13(1)(A) & cmt. 1.

Despite the plain language of 18 U.S.C. § 3582(c) rendering the exhaustion requirement mandatory, some courts have nonetheless held that requirement can be waived. *See, e.g*, *Wilson v. MVM*, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (recognizing a narrow futility exception to certain statutory exhaustion requirements); *United States v. Jemal*, 2020 WL 1701706, at *3 (E.D. Penn. April 8, 2020) ("We are not convinced, however, that we must rigidly adhere to the statutory directive that the BOP be provided up to thirty days to address Defendant's compassionate release request, without considering a futility exception to exhaustion."); *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *4 (S.D.N.Y. Apr. 3, 2020) (holding that defendant's "advanced age and compromised health, combined with the high risk of contracting COVID-19 at Otisville, justify waiver of the exhaustion requirement"); *United States v. Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (holding that defendant's "undisputed fragile health, combined with the high risk of contracting COVID-19 in the [detention center] justifies waiver of the exhaustion requirement").

## DISCUSSION

In the instant motion, there is no evidence Defendant filed a compassionate release request with the BOP as required by 18 U.S.C. § 3582(c)(1)(A). Additionally, Defendant did not address his failure to exhaust administrative remedies in his motion. Although the exhaustion requirement may be circumvented in rare circumstances, Defendant fails to demonstrate the futility of pursuing administrative remedies to excuse his failure to exhaust, or even seek administrative remedies at all. Defendant's failure to meet the threshold exhaustion requirement provides grounds for the Court to deny the motion without reaching the merits. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Eberhart,* No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (denying Defendant's compassionate release motion for failure to exhaust administrative remedies). This Court also joins other sister courts in the Ninth Circuit and elsewhere in concluding that this Court has no authority to consider Defendant's motion until the exhaustion criteria of § 3852(c)(1)(A) is met. *See United States v. Garza*, 2020 WL

18cr4562-JAH

1485782 (S.D. Cal. March 27, 2020); *United States v. Reid*, 2020 WL 1904598 (N.D. Cal. April 18, 2020) (The futility exception "only applies to judicially created exhaustion requirements, as opposed to the statutory variety at issue here.") (citations omitted); *United States v. Eberhart*, No. 13-cr-00313, 2020 WL 1450745, at *2 (N.D. Cal. March 25, 2020); United States v. Fuentes, 2020 WL 1937398 (E.D. Cal. April 22, 2020); *United States v. Meron*, 2020 WL 1873900 (E.D. Cal. April 15, 2020); *see also*, *United States v. Otero*, 2020 WL 1912216, (S.D. Cal. April 20, 2020).

However, even if the Court were to reach the merits, Defendant's generalized concerns about contracting COVID-19 is insufficient to show an "extraordinary and compelling" reason for release. Defendant is eligible for compassionate release only if he can demonstrate "extraordinary and compelling reasons" to justify a sentence reduction and that such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In accordance with the Sentencing Commission, qualifying reasons include: (1) "terminal illness"; (2) a "serious deterioration in physical or mental health," due to aging; and (3) the "death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13, cmt 1. Here, Defendant's weight loss since going into custody and diagnosis of gout is not considered a "terminal illness" that would reach the "extraordinary and compelling" standard. Moreover, Defendant is 48 years old and reflects no medical condition that would specifically make him more vulnerable to contract COVID-19. Defendant's arguments regarding the generalized risk of contracting the virus would apply to each inmate in confinement at FCI Lompoc. *See United States v. Raia*, 954 F.3d 594 (3rd Cir. 2020) (holding that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

///

///

///

///

4

## <u>CONCLUSION</u>

For the reasons set forth above, the Court DENIES Defendant's motion with prejudice for failing to exhaust administrative remedies and the inability to meet the burden of showing "extraordinary and compelling reasons" for compassionate release or home confinement.

**IT IS SO ORDERED.**

DATED: May 29, 2020

_____
Hon. John A. Houston
United States District Judge

18cr4562-JAH